**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| HATTIE MAE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV426-167 |
| | ) | |
| EFFINGHAM COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

*Pro se* petitioner Hattie Mae Brown filed a 28 U.S.C. § 2254 Petition challenging a 2022 conviction in the Superior Court of Effingham County, Georgia. *See* doc. 1 at 1. Her Petition was transferred to this Court from the Middle District of Georgia. Doc. 3. She did not pay the required filing fee or move to proceed *in forma pauperis* and the Clerk notified her of the deficiency. Doc. 6. The deadline for her to pay the filing fee or move to proceed *in forma pauperis* has passed, and she has neither paid nor moved. *See generally* docket.

This Court has the authority to prune cases from its dockets where parties have failed to prosecute their cases. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the

inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992); *see also, e.g., Allen v. Tatum*, 2014 WL 5308010, at *1 (S.D. Ga. Sept. 22, 2014), *adopted* CV414-169, doc. 12 (S.D. Ga. Oct. 2, 2014) (dismissing § 2254 petition, pursuant to Rule 41(b), for failure to prosecute). Brown's failure to pay the required filing fee or move to proceed *in forma pauperis* constitutes failure to prosecute. Her Petition should, therefore, be **DISMISSED**. Doc. 1.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 27th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA